IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRITTA EVA G.,                                       Case No. 1:16-cv-01768-JR

               Plaintiff,                            OPINION AND ORDER

     v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

               Defendant.

RUSSO, Magistrate Judge:

Plaintiff brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Title II Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). For the reasons set forth below, the Commissioner's decision is reversed and remanded for further consideration.

## PROCEDURAL BACKGROUND

On March 11, 2011, plaintiff applied for DIB, alleging disability beginning June 15, 2009. Tr. 235. On December 19, 2012, plaintiff's application was denied without further review. Tr. 127. On April 9, 2014, plaintiff re-applied for DIB, alleging disability beginning February 16, 2010. Tr. 100-01. Her application was denied initially and upon reconsideration. Tr. 100-110, 111-125. On February 10, 2016, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 45. Plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 45-98. On March 15, 2016, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 19-38. After the Appeals Council denied her request for review, plaintiff filed a complaint in this court. Tr. 1-3.

## STATEMENT OF FACTS

Born on January 22, 1966, plaintiff was 44 years old on the alleged onset date and 50 years old at the time of the hearing. Tr. 50, 100. She obtained a G.E.D. and served more than five years in the United States Air Force. Tr. 51. Plaintiff worked as a self-employed nail technician for sixteen years. Tr. 52. She alleges disability due to PTSD, scoliosis, and chronic knee, hip and back pain. Tr. 100, 103.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh both the evidence that supports and detracts from the

[Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected … to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 CFR § 404.1520(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, she is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(f). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the

Commissioner must establish that the claimant can perform other work existing in significant numbers in the national or local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process outlined above, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 22. At step two, the ALJ determined plaintiff had the following severe impairments: "degenerative disc disease (DDD) of the lumbosacral spine; scoliosis; spondylosis of the cervical spine; status-post total knee arthroscopy (TKA), 2014; trochanteric bursitis; and chronic pain syndrome." Tr. 22. At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 23.

Because plaintiff did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments might affect her ability to work. Tr. 23, 24-36. The ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b) with the following limitations:

> [S]he lifts and/or carries 20 pounds occasionally and 10 pounds frequently, and sits for six hours in an eight-hour day, but stands or walks for no more than three hours total in an eight hour day; occasionally climbs ramps and stairs, and occasionally stoops, kneels, crouches, and crawls; never climbs ladders; avoids concentrated exposure to vibration; avoids workplace hazards; and she can understand, remember, and carry out simple routine repetitive tasks.

Tr. 23.

At step four, the ALJ determined plaintiff could not perform her past relevant work. Tr. 36-37. At step five, the ALJ found plaintiff could perform a significant number of jobs existing in the national economy: small products assembler; electrical accessories assembler; and

electronics worker. Tr. 37.

**DISCUSSION**

Plaintiff argues the ALJ erred by: (1) reviewing the merits of prior evidence without explicitly reopening the corresponding prior disability application; (2) failing to provide legally sufficient reasons for rejecting plaintiff's testimony; (3) failing to provide legally sufficient reasons for rejecting the opinions of multiple doctors and other providers; (4) failing to provide legally sufficient reasons for rejecting the Veteran Administration's ("VA") disability determination; and (5) failing to order payment of benefits to plaintiff.

## I. Reopening Prior Application

Plaintiff argues the ALJ de facto reopened plaintiff's prior unfavorable disability determination by reviewing medical evidence from that previously adjudicated period. The doctrine of res judicata applies to administrative hearings, and "when a claimant reapplies for disability benefits after an earlier denial, that earlier denial precludes the claimant from arguing that he was disabled during the period covered by the earlier decision." Culley v. Astrue, 2013 WL 1901012 at *7 (D. Or. April 2, 2013) (quoting Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986)). However, when an ALJ considers a previous disability claim on the merits, the claim is de facto reopened and res judicata does not apply. Id. (citing Lewis v. Apfel, 236 F.3d 503, 510 (9th Cir. 2001)); see also Lester v. Chater, 81 F.3d 821, 827 n.3 (9th Cir. 1995).

The ALJ did not de facto reopen plaintiff's prior disability determination. The ALJ noted that "[b]y alleging an onset … within the period previously adjudicated, the claimant is making an implied request [to] reopen these determinations." Tr. 19. The ALJ then explicitly stated she "decline[d] to reopen the prior determinations," and that "[a]ny reference to evidence in the period adjudicated is intended to aid in clarifying the longitudinal record … with no intent to

reopen these final and binding determinations." Tr. 19. A prior determination is not reopened when the ALJ expressly applies res judicata and refuses to reopen the prior determination. Little v. Comm'r Soc. Sec. Admin., 780 F.Supp.2d 1143, 1155 (9th Cir. 2011). Additionally, the ALJ's review of plaintiff's medical history to clarify the longitudinal record does not amount to a de facto reopening. Culley, 2013 WL 1901012 at *8. Furthermore, plaintiff alleged a disability onset date of June 15, 2009 in her previous application, while in her present application plaintiff alleged a disability onset date of February 16, 2010. Tr. 235, 242. The fact the plaintiff's disability "applications have distinct onset dates weighs against finding a de facto reopening." Culley, 2013 WL 1901012 at *7. Thus, the ALJ's review of the medical record did not constitute a de facto reopening of plaintiff's prior application.

## II. Plaintiff's Testimony

Plaintiff argues the ALJ wrongfully discredited her subjective symptom statements based on a selective recounting of the record.[1] When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of … symptoms only by offering specific, clear, and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." Id. at 1284. The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's

---

[1] Plaintiff argues the credibility analysis is governed by SSR 16-3p. However, because the ALJ's decision pre-dates the effective date of SSR 16-3p, it is inapplicable in this case. See SSR 16-3p, 2017 WL 5180304, at 1 (Oct. 25, 2017).

testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Plaintiff complained of chronic pain in many parts of her body, including her back, hips, neck, shoulders and knee. See, e.g., Tr. 24, 63-64, 89. Plaintiff testified her pain prevented her from sitting, walking, or standing for more than a few minutes. See, e.g., Tr. 24, 61, 63, 66. Plaintiff also complained of numbness and weakness in her hands and feet. Tr. 60, 63, 72.

The ALJ stated specific, clear and convincing reasons for rejecting plaintiff's testimony. The ALJ found plaintiff's symptom testimony inconsistent with or unsubstantiated by the medical record. An ALJ may discount a claimant's testimony based on inconsistencies with the medical evidence. Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ found medical evidence consistent with a reduced ability to work, yet the "clinical signs do not substantiate the claimant's allegations of severe chronic pain in many parts of the body." Tr. 24. The ALJ noted Dr. Glenn Keiper and Dr. Jonathon Sherman examined the plaintiff in 2014, and both doctors reported normal gait and strength, and intact sensation and reflexes. Tr. 25. The ALJ also noted a 2014 VA examination indicated plaintiff's gait was normal, she sat comfortably in a chair, moved easily, and had full range of motion in head and neck. Tr. 25. Furthermore, the ALJ noted plaintiff's 2014 examination by physician's assistant Christine Li—with whom Dr. Justin Certas concurred—found plaintiff's gait was unremarkable, cervical and arm range of motion intact, equal reflexes, and normal strength in upper and lower extremities. Tr. 25. The ALJ properly concluded "[t]he claimant's symptoms, particularly numbness and weakness, are at odds with the failure of any provider to show a pattern of motor strength deficits, abnormal reflexes, dermatomally-based loss of sensation, or unequal reflexes." Tr. 27.

Next, the ALJ found plaintiff's testimony regarding reasons for ceasing employment were inconsistent. Tr. 28. The ALJ may discredit a plaintiff's testimony when the plaintiff provides inconsistent reasons for ceasing employment. Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001). The ALJ noted plaintiff variously cited her orthopedic impairments; her husband's drug-related financial issues; or her exposure to toxic chemicals as the reason she ceased working as a self-employed nail technician. Tr. 28, 53, 1657, 1667. Thus, the ALJ concluded, "[t]he uncertainty surrounding the claimant's subjective physical symptoms … is exemplified by her inability to consistently state what led her to cease work." Tr. 28.

The ALJ also found plaintiff's testimony about the efficacy of medical treatment inconsistent with the record. When an ALJ makes a credibility determination, she may consider the effectiveness of medication. Orteza, 50 F.3d at 750. The ALJ found plaintiff indicated persistent and unrelieved severe pain, particularly in her knee, hip and back. See, e.g., Tr. 28, 62-64, Tr. 1505-08. Plaintiff described her average pain level as "between seven and eight…at least." Tr. 64. However, the ALJ found plaintiff's testimony inconsistent with the medical evidence. Tr. 26, 36. The ALJ specifically noted Dr. Savino's notes stating the plaintiff's epidural steroid injections and greater trochanteric bursa injections provided "significant relief of her pain." Tr. 26, 36, 1505. The ALJ further noted Dr. Savino's notes stating plaintiff's desire to schedule further injection treatments. Tr. 36, 1505. Thus, the ALJ properly concluded "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. 36. See Tommasetti v. Astrue, 533 F.3d 1035, 1040-41 (9th Cir. 2008).

Lastly, the ALJ found the plaintiff's testimony about her condition inconsistent with her activities of daily living ("ADLs"). The ALJ noted plaintiff testified to chronic pain averaging a

seven or eight out of ten, migraine headaches five days a week, and frequent inability to leave home because of anxiety. Tr. 31, 64, 70. The ALJ found plaintiff's "general level of activity and her specific activities … would be impossible if such limitations were true." Tr. 31. The ALJ also noted plaintiff's numerous activities, including childcare; laundry; daily cooking; driving; grocery shopping; socializing via telephone; dining out; attending sports events; using a treadmill; performing water aerobics; going outside everyday; and gardening. Tr. 29-30. Thus, the ALJ properly concluded plaintiff's activities were "specifically incompatible with the restrictions she claims in her testimony and elsewhere." Tr. 29. See Batson v. Comm'r Soc. Sec. Admin., 359 F.3d at 1190, 1196 (9th Cir. 2004).

### III. Opinions of Doctors and Other Providers

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting the opinions of multiple treating doctors and providers. To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present a clear and convincing reason supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If the treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by a specific and legitimate reason. Magallenes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

In addition to treating and examining doctors' opinions, "[a]n ALJ must consider the opinions of medical providers who are not within the definition of 'acceptable medical sources.'" Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017). See 20 C.F.R. §§ 404.1527(b), (f); 20 C.F.R. §§ 404.1502(a), (d); S.S.R. 06-3P. To give less deference to other medical sources, an ALJ must provide germane reasons for doing so. Revels, 874 F.3d at 655.

### A. Opinions Prior to the Initial Unfavorable Determination of December 19, 2012

#### 1. Philip J. Grimm, M.D.

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting the medical opinion of Dr. Philip J. Grimm regarding his VA disability examination of plaintiff. Dr. Grimm performed a records review, examination, and imaging study. Dr. Grimm noted plaintiff's progressively worsening spinal disease, physical limitations, and impaired ability to perform ADLs, including inability to get out of bed five to seven times per month. Tr. 686-97.

The ALJ failed to explicitly reject Dr. Grimm's opinion. When an ALJ does not explicitly reject a probative medical opinion, the ALJ errs. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). However, if an ALJ's error is harmless, then the opinion will not be reversed. Burch, 400 F.3d at 679. An error is harmless only if a reviewing court "can confidently conclude that no reasonable ALJ … could have reached a different disability determination." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006). Where an ALJ does not mention a doctor's relevant opinion, the court cannot confidently conclude the error was harmless. Marsh, 792 F.3d at 1173. Here, the ALJ erred by failing to address Dr. Grimm's opinion, and the court cannot confidently conclude the ALJ's error was harmless. McKean v. Colvin, 150 F.Supp.3d 406, 413-415 (res judicata does not prevent evidence introduced in a prior claim from being introduced in a subsequent claim, and an ALJ's failure to address probative medical opinions from a prior application warrants a remand). Although Dr. Grimm's opinion pre-dates the prior disability determination, it is unclear why it is not probative based on the current record. Further administrative proceedings would remedy this defect. See Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1982). See 42 U.S.C. § 405(g).

### 2. Dr. Kenneth Scalapino, M.D.

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting the medical report of Dr. Kenneth Scalapino regarding his September 9, 2011 examination of plaintiff. Dr. Scalapino reported plaintiff suffered from mechanical sources of pain predisposing her to chronic inflammatory or fibromyalgia pain. Tr. 750.

Although the ALJ failed to address Dr. Scalapino's September 9, 2011 report, the report is not probative with respect to plaintiff's RFC. Accordingly, to the extent the ALJ erred, the error is harmless. See Rivas v. Berryhill, 2018 WL 328796 at *3 (S.D. Fla. Jan. 9, 2018); see also Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (explaining an ALJ need not discuss all the evidence presented, but only need explain why significant probative evidence has been rejected).

### 3. William Matthews, M.D.

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting the medical opinion of Dr. William Matthews regarding his examination of the plaintiff. Dr. Matthews examined plaintiff's spine, knees, and range of motion. Tr. 627-33. Dr. Matthews noted plaintiff's difficulty working part-time, her need to change positions more frequently than every two hours, and her severely diminished working capacity. Tr. 627-33.

The ALJ provided legally sufficient reasons for rejecting Dr. Matthews' opinion. Tr. 34. The ALJ reviewed Dr. Matthews' opinion as to plaintiff's limitations and found it inconsistent with plaintiff's activities. Tr. 34. Specifically, the ALJ found Dr. Matthews' opinion as to plaintiff's need to change position more frequently than every two hours was inconsistent with the plaintiff's ability to drive or travel, sit during sporting events, dine at restaurants, or participate in other activities in which plaintiff would not be able to freely change

positions. Tr. 34. Accordingly, the ALJ did not err with respect to Dr. Mathews' opinion. See Ghanim v. Colvin, 753 F.3d 1154, 1162 (9th Cir. 2014) (explaining inconsistency between a treating physician's opinion and a claimant's daily activities is a sufficient reason to reject a medical opinion.

### 4. Alan Kirkendall, Ph.D.

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting Dr. Alan Kirkendall's October 27, 2011 mental examination. Dr. Kirkendall was the plaintiff's VA psychologist. During examination, Dr. Kirkendall determined plaintiff's condition had continued to deteriorate, her global assessment of functioning ("GAF") score had decreased from 60 to 45, and plaintiff's social and occupational capacity was impaired. Tr. 619-27.

The ALJ found Dr. Kirkendall's opinion was largely based upon plaintiff's subjective report of her symptoms. Tr. 35. As stated above, the ALJ properly discredited plaintiff's subjective symptoms statements. An ALJ may reject a medical opinion when it is largely based on a claimant's self-reported symptoms that have been properly discredited. Tommasetti, 533 F.3d at 1041.

The ALJ also found Dr. Kirkendall's opinion as to plaintiff's functioning was inconsistent with the overall record. Tr. 35. The ALJ noted Dr. Kirkendall opined plaintiff's speech was "intermittently illogical, obscure, or irrelevant, […] despite numerous normal mental status examinations or other descriptions of the claimant made over the course of many years by her multiple examiners." Tr. 35. Less weight is given to opinions not consistent with the record as a whole. 20 C.F.R. § 404.1527(c)(4).

Lastly, the ALJ found Dr. Kirkendall's opinion was inconsistent with plaintiff's activities. Tr. 35. The ALJ cited Dr. Kirkendall's finding of continuous panic was incompatible

with plaintiff's ability to participate in stressful court proceedings. Tr. 35. Inconsistency between a medical opinion and a claimant's activities is also a sufficient reason to reject the opinion. Ghanim, 753 F.3d at 1162.

### B. Opinions After the Initial December 19, 2012 Unfavorable Determination

#### 1. Joseph Savino, M.D.

Plaintiff argues the ALJ failed to provide legally sufficient reasons for giving little weight to Dr. Joseph Savino's medical opinion. Specifically, plaintiff objects to the ALJ's treatment of Dr. Savino's physical exam of the plaintiff on July 22, 2015, and an RFC evaluation on February 10, 2016. Tr. 1505-08, 1723-26. Dr. Savino's physical exam reported advanced scoliosis and found plaintiff no longer "capable of obtaining and retaining gainful employment." Tr. 1508. Dr. Savino's RFC evaluation found plaintiff could not drive and could not sit or stand for more than 15 minutes at a time or more than 60 minutes total in an eight hour workday. Tr. 1724-25.

The ALJ provided a sufficient basis for giving little weight to Dr. Savino's physical exam regarding his assessment of plaintiff's ability to work. The ALJ summarized Dr. Savino's exam findings and determined they were unsubstantiated by the medical record. Tr. 35-36. The ALJ noted Dr. Savino's findings of lumbar radiculopathy, sacroiliac dysfunction, abnormal gait, muscle weakness, and sensory loss were either absent from other physician's findings or were contradicted by other medical evidence. Tr. 36. Less weight is given to opinions not consistent with the record as a whole. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

Furthermore, the ALJ noted Dr. Savino's finding that the plaintiff "is constantly and unrelievedly subject to acute pain," was inconsistent with the evidence in Dr. Savino's records which indicated plaintiff's pain relief and overall improvement with treatment. Tr. 36. An ALJ may reject a doctor's opinion when the doctor's opinion is unsupported by—or incongruous

with—their own records.  Tommasetti, 533 F.3d at 1041.

Moreover, the ALJ found Dr. Savino's RFC evaluation was not well supported by valid diagnostic evidence and was inconsistent with the record as a whole.  Tr. 35.  An ALJ need not accept a medical opinion "inadequately supported by clinical findings."  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).  Though Dr. Savino found plaintiff could not drive, the ALJ found—and the record shows—plaintiff could drive.  Tr. 36, 50.  Additionally, Dr. Savino opined plaintiff could not stand for more than 60 minutes in an eight hour day.  But the ALJ found "[a]ctivities such as caring for a child, going to sporting events, cleaning, cooking, or engaging in legal affairs would be impossible for someone who could not sit or stand more than 60 minutes total in an eight hour workday."  Tr. 36.  As stated above, an "inconsistency between a treating physician's opinion and a claimant's daily activities" is a sufficient reason to reject a medical opinion.  Ghanim, 753 F.3d at 1162.  Thus, the ALJ did not err in rejecting Dr. Savino's opinion.

### 2.  Jonathan Sherman, M.D.

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting Dr. Jonathan Sherman's medical opinion regarding his August 2014 examination of the plaintiff. Dr. Sherman noted plaintiff's subjective report that postural changes provided no more than 50% pain relief, plaintiff's significant medication requirement, and the high likelihood that surgery would not improve plaintiff's pain.  Tr. 1234-36.

As stated above, any purported error is harmless when the opinion is not significantly probative as to a plaintiff's limitations.  Rivas, 2018 WL 328796 at *3.  Here, Dr. Sherman's opinion provided only information about plaintiff's ability to relieve pain and prospects for improvement following surgery.  Because Dr. Sherman's opinion failed to present evidence

about plaintiff's limitations or her ability to work, his opinion was not significantly probative.

### 3. Barbara Jones, Mental Health Therapist

Plaintiff argues the ALJ failed to provide legally sufficient reasons for giving little weight to Barbara Jones' December 3, 2014 report about plaintiff's limitations. As plaintiff's treating therapist, Ms. Jones completed a Mental Health RFC Questionnaire of plaintiff. The Questionnaire noted plaintiff's mental and physical limitations which reduced her ability to work. Tr. 1354-60.

The ALJ provided germane reasons for giving little weight to Ms. Jones' opinion. Specifically, the ALJ found Ms. Jones' opinion as to plaintiff's inability to work without psychological decompensation was contradicted by plaintiff's actual activities, such as her participation in divorce proceedings. Tr. 34, 1354. Inconsistency between a medical opinion and a claimant's activities is a sufficient reason to reject a medical opinion. Ghanim, 753 F.3d at 1162.

The ALJ also found Ms. Jones' opinion internally inconsistent. Though Jones opined plaintiff was unable to work without decompensation, she assigned plaintiff a global assessment of functioning ("GAF") score of 55, indicating only moderate social, vocational, or academic dysfunction. Tr. 35. Incongruity between a medical provider's opinion and their records is a valid reason to reject that opinion. Tommasetti, 533 F.3d at 1041.

Lastly, the ALJ found that Ms. Jones' reference to anhedonia, decreased energy, and psychometric motor agitation or retardation are largely absent from or unsupported by the medical record as a whole. Tr. 34-35. Less weight is given to opinions not consistent with the record as a whole. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Thus, the ALJ gave legally sufficient reasons for assigning little weight to Jones' opinion.

### 4. Kathryn McElroy, P.T.

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting Katheryn McElroy's August 27, 2014, examination of plaintiff. Tr. 1372.[2] McElroy was plaintiff's physical therapist, and documented plaintiff's back and hip pain and assessed plaintiff's strength and persistent physical limitations. Tr. 25, 1365-96.

Although the ALJ does not mention McElroy's August 27, 2014, report as to plaintiff's low back and hip pain and limitations in her ability to perform ADLs, the report merely related plaintiff's subjective complaints, which the ALJ reasonably found not fully reliable. The report does not present any probative opinion as to plaintiff's limitations. While the subjective portion of the report notes plaintiff's statements regarding her ability to perform ADLs, the objective portion of the report is silent as to any physical limitations for purposes of plaintiff's RFC. Tr. 1372. Because McElroy's report is not significantly probative as to plaintiff's limitations, any purported error is harmless. Rivas, 2018 WL 328796 at *3.

### 5. Laura Slay, L.P.N.

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting the medical opinion of Laura Slay. Plaintiff specifically cites a depression screening Slay performed on May 11, 2015. Tr. 1566. Ms. Slay opined plaintiff's test was positive for depression, and that plaintiff was feeling down, depressed or hopeless nearly everyday. Id.

Again, any purported error is harmless, because Ms. Slay's opinion failed to present evidence about plaintiff's limitations or her ability to work. Rivas, 2018 WL 328796 at *3.

---

[2] Plaintiff's Opening Brief also specifies an exam with McElroy on November 12, 2014. Pl.'s Br. (ECF No. 24 at 20-21). The record does not show plaintiff visited McElroy on that date. See Tr. 1399.

## IV. Veteran Administration's Disability Finding

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting the VA's disability finding. "[T]he ALJ must consider the VA's finding in reaching his decision and the ALJ must ordinarily give great weight to a VA determination of disability." McLeod, 640 F.3d at 886 (internal quotation marks omitted). Ordinarily, great weight is warranted because there is marked similarity between the VA and Social Security Administration ("SSA") programs. Luther v. Berryhill, 2018 WL 2473490 at *4 (9th Cir. June 4, 2018). "However, a VA rating is not conclusive and does not necessarily compel the SSA to reach an identical result." Id. An ALJ may give less weight to a VA disability rating by providing "persuasive, specific, valid reasons for doing so that are supported by the record." Id. (quoting Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009)).

The VA determined plaintiff had a 90% combined disability rating and would receive benefits at a 100% rate "due to unemployability." Tr. 1247. The ALJ noted plaintiff's VA disability rating was 70% based upon depressive disorder. Tr. 35, 1254. The ALJ further noted the VA's conclusions were "essentially based upon a single report conducted by Allen Kirkendall, Ph.D., a VA psychologist," and that "Kirkendall's report, and the subsequent VA conclusions, are essentially based upon the subjective symptoms that the claimant gave on that occasion." Tr. 35. The ALJ properly rejected Dr. Kirkendall's opinion because it was inconsistent with plaintiff's activities; inconsistent with the overall record; and largely based upon plaintiff's subjective report of her symptoms. See supra pp. 6-9, 12-13. An ALJ may reject a VA rating that "rested on an opinion that the ALJ [properly] rejected." Valentine, 574 F.3d at 695.

## V. Payment of Benefits

Plaintiff argues the court should remand for payment of benefits. The Court declines to do so. Although the ALJ failed to provide legally sufficient reasons for rejecting Dr. Grimm's opinion, the record requires further development as to the probative value of that opinion with respect to plaintiff's ability to work. Because a remand for further proceedings is necessary, a remand for payment of benefits is not warranted. Treichler, 775 F.3d at 1100, 1105 (quoting Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012)) (internal quotation marks omitted).

## CONCLUSION

For the reasons stated above, the Commissioner's decision is REVERSED and REMANDED for further proceedings to address Dr. Grimm's opinion.

IT IS SO ORDERED.

DATED this 13th day of July 2018.

s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge
